NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARRYL W. BROWN, | No. C 09-04663 JF (PR) |
| Petitioner, | ORDER TO SHOW CAUSE |
| vs. | |
| JAMES WALKER, Warden, | |
| Respondent. | |

Petitioner, a California inmate currently incarcerated at the Folsom State Prison in Represa, proceeding pro se, seeks a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging his state conviction. Petitioner has paid the filing fee. (Docket No. 4.) The Court orders Respondent to show cause why the petition should not be granted.

**STATEMENT**

In 2006, Petitioner pleaded guilty to "assault by means of force likely to produce death or great bodily injury" and making a criminal threat in Santa Clara County Superior Court. (Pet. 2.) Petitioner was sentenced to 25 years to life in state prison. Petitioner

Order to Show Cause
P:\PRO-SE\SJ.JF\HC.09\Brown04663_osc.wpd

1

appealed the conviction, with the Supreme Court denying review on October 16, 2008. (Id. at 3.) Petitioner filed the instant federal petition on October 1, 2009.

## DISCUSSION

**A.      Standard of Review**

This Court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a state court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2254(a); Rose v. Hodges, 423 U.S. 19, 21 (1975).

A district court shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto."  28 U.S.C. § 2243.

**B.      Petitioner's Claims**

As grounds for federal habeas relief, Petitioner claims that the trial court unlawfully denied his request for a Marsden hearing, which violated his right to effective assistance of counsel under the Sixth Amendment. (Pet. at 6.)  Liberally construed, Petitioner's claim is cognizable under § 2254.  The Court orders Respondent to show cause why the petition should not be granted.

## CONCLUSION

1.      The Clerk shall serve by mail a copy of this order and the petition and all attachments thereto upon the Respondent and the Respondent's attorney, the Attorney General of the State of California.  The Clerk shall also serve a copy of this order on the Petitioner.

2.      Respondent shall file with the Court and serve on Petitioner, **within sixty (60) days** of the date this order is filed, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be granted.  Respondent shall file with the answer and serve on Petitioner a

1  copy of all portions of the state parole record that have been transcribed previously and
2  that are relevant to a determination of the issues presented by the petition.
3      If Petitioner wishes to respond to the answer, he shall do so by filing a traverse
4  with the Court and serving it on Respondent **within thirty (30) days** of that the answer is
5  filed.
6      3.    Alternatively, Respondent may, within **sixty (60) days** of the date this order
7  is filed, file a motion to dismiss on procedural grounds in lieu of an answer, as set forth in
8  the Advisory Committee Notes to Rule 4 of the Rules Governing Section 2254 Cases.  If
9  Respondent files such a motion, Petitioner shall file with the Court and serve on
10 Respondent an opposition or statement of non-opposition **within thirty (30) days** of the
11 date the motion is filed, and Respondent shall file with the court and serve on Petitioner a
12 reply **within fifteen (15) days** of the date any opposition is filed.
13     4.    It is Petitioner's responsibility to prosecute this case.  Petitioner is reminded
14 that all communications with the Court must be served on respondent by mailing a true
15 copy of the document to Respondent's counsel.  Petitioner must keep the Court and all
16 parties informed of any change of address by filing a separate paper captioned "Notice of
17 Change of Address."  He must comply with the Court's orders in a timely fashion.
18 Failure to do so may result in the dismissal of this action for failure to prosecute pursuant
19 to Federal Rule of Civil Procedure 41(b).
20     IT IS SO ORDERED.
21 DATED: 2/2/10
22     JEREMY FOGEL
    United States District Judge

Order to Show Cause
P:\PRO-SE\SJ.JF\HC.09\Brown04663_osc.wpd

3

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

DARRYL BROWN,

        Petitioner,

  v.

JAMES WALKER, Warden,

        Respondent.
                                /

Case Number: CV09-04663 JF

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on  2/10/10 , I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Darryl W. Brown J-92658
CA State Prison-Folsom(New)
P.O. Box 290066
Represa, CA 95671

Dated:  2/10/10

                                                        Richard W. Wieking, Clerk