IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

DARRYL W. BROWN,

    Petitioner,

v.

JAMES WALKER, Warden,

    Respondent.

_____/

No. C 09-04663 JSW

**ORDER REGARDING SCOPE OF EVIDENTIARY HEARING**

    The Court has set an evidentiary hearing for July 9, 2013 at 10:00 a.m. concerning: (1) the nature and extent of the putative conflict between Petitioner and his trial attorney; and (2) whether that putative conflict deprived Petitioner of the representation he was guaranteed by the Sixth Amendment. The Order to Show Cause issued in this matter liberally construed the original *pro se* petition for habeas relief to include a claim for violation of Petitioner's right to effective assistance of counsel under the Sixth Amendment based on Petitioner's claim that the trial court had unlawfully denied his request to conduct a *Marsden* hearing to decide whether to appoint alternative counsel. Petitioner's request for a *Marsden* hearing preceded both Petitioner's entry of his plea and his sentencing.

    The scope of the evidence shall include whether Petitioner was deprived of the constitutional protections of the Sixth Amendment guarantee of effective assistance of counsel before entering the plea, in conformity with longstanding standards and limitations. *See, e.g., Tollett v. Henderson*, 411 U.S. 258, 267 (1973) ("When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may

not thereafter raise independent claims relating to deprivation of constitutional rights that occurred prior to the entry of the guilty plea. He may only attack the voluntary and intelligent character of the guilty plea showing that the advice he received from counsel was not within the standards set forth in *McMann*"); *McMann v. Richardson*, 397 U.S. 759, 771 (1970) ("the voluntariness of the plea depends on whether counsel's advice 'was within the range of competence demanded of attorneys in criminal cases.'"); *see also Hill v. Lockhart*, 474 U.S. 52, 58-59 (1985) (holding that for pre-plea claim of ineffective assistance of counsel, defendant must also show prejudice, *i.e.*, that "but for counsel's unprofessional errors, the result of the proceeding would have been different.").

In addition, as this Court has already held, Petitioner may also introduce evidence in support of his claim that he was denied his Sixth Amendment right to counsel post-plea, such as whether counsel provided ineffective assistance at sentencing or whether counsel should have pursued a motion to withdraw the plea. *See Gardner v. Florida*, 430 U.S. 349-358 (1977) (holding that the right to effective assistance of counsel attaches at all critical stages in sentencing).

At the conclusion of the evidentiary hearing, the Court shall set a briefing schedule for the parties to submit proposed findings of fact and conclusions of law.

**IT IS SO ORDERED.**

Dated: July 1, 2013

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE

2